# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DODD BLANDON,**

                           **Plaintiff,**

**-vs-**                                                         **Case No. 6:19-cv-2420-Orl-78GJK**

**WASTE PRO USA, INC.,**

                           **Defendant.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration, without oral argument, on the following motion:

> **MOTION:**     **PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY COLLECTIVE ACTION AND FACILITATE NOTICE TO POTENTIAL CLASS MEMBERS AND INCORPORATED MEMORANDUM OF LAW**
> **(Doc. No. 42)**
>
> **FILED:**     **May 13, 2020**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

### I. BACKGROUND.

Defendant provides commercial and residential waste disposal and recycling services to customers throughout the Southeastern United States. Doc. No. 1 at ¶ 38. From about September 24, 2012 through about March 11, 2017, Defendant employed Plaintiff as a "Waste Disposal Driver" working out of Defendant's facility in Brookhaven, Mississippi. *Id.* at ¶ 91. In 2017,

three of Defendant's other Waste Disposal Drivers filed a FLSA collective action against it, Waste Pro of Florida, Inc., Waste Pro of South Carolina, Inc., and Waste Pro of North Carolina, Inc., in the United States District Court in and for the District of South Carolina, Case No. 2:17-cv-2654-DCN, alleging violations of the overtime provisions of the Fair Labor Standards Act ("FLSA"). *Id.* at ¶ 4. Plaintiff consented to join the South Carolina case on February 2, 2018. *Id.* at ¶ 5. On motion the South Carolina district court concluded that it did not have jurisdiction over Defendant and Waste Pro of Florida, Inc., and the case against them was dismissed. *Id.* at ¶ 10. The South Carolina court also dismissed all driver plaintiffs who worked outside of South and North Carolina. *Id.*

One of the drivers who was dismissed from the South Carolina case brought a new FLSA collective action against Defendant and Waste Pro of Florida, Inc., in the United States District Court for the Southern District of Florida, Case No. 2019-cv-620051-KMM. *Id.* at ¶ 11, n. 1. On December 23, 2019, Plaintiff filed the collective action in this Court on behalf of himself and all similarly situated drivers who were not properly compensated, and who worked on behalf of Defendant anywhere except South Carolina, North Carolina, and Florida. *Id.* at ¶¶ 10-11. From February 12, 2020, through July 13, 2020, twenty-three people who worked as Waste Disposal Drivers filed consents to join this litigation.[1] Doc. Nos. 22-1, 23-1, 24-1, 27-1, 28-1, 30-1, 31-1, 33-1, 34-1, 36-1, 60-1, 64-1, 65-1.

On May 13, 2020, Plaintiff filed his Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members and Incorporated Memorandum of Law (the "Motion"). Doc. No. 42. Plaintiff asks for an order permitting notice to all "current and former

---

[1] Nine additional individuals filed consents to join, but later withdrew those consents. Doc. No. 22-1 at 9; Doc. No. 23-1 at 2; Doc. No. 24-1 at 2; Doc. No. 27-1 at 3, 5; Doc. No. 28-1 at 3; Doc. No. 30-1 at 2; Doc. No. 33-1 at 3, 4; Doc. No. 35; Doc. No. 41; Doc. No. 43; Doc. No. 85; Doc. No. 87.

Waste Disposal Drivers, who were/are employed by Defendant, Waste Pro USA, Inc. . . ., in every state except for Florida, South Carolina and North Carolina, and who were/are paid on a job/day rate basis, within the last three (3) years prior to the filing of this Motion." *Id.* at 1. Attached to the Motion is the proposed notice (the "Notice"). Doc. No. 42-3. The Notice states that the Court conditionally certified this action and those that meet the description above are eligible to join the case. *Id.* at 3. The Notice describes the lawsuit by stating the following:

> Plaintiff alleges that Defendant paid him a day or task rate of pay that was only intended to cover a certain number of hours worked per day. Additionally, Plaintiff alleges that he, and other Waste Disposal Drivers, were required to work a certain number of hours per day before they became eligible to receive their full day or task rate. Plaintiff alleges that Defendant failed to pay him proper overtime compensation at a rate that was/is one and one-half times his regular rate of pay for the hours that he worked over (40) each week. Plaintiff alleges that he and other Waste Disposal Drivers are entitled to additional overtime compensation, and that Defendant's failure to pay them proper overtime compensation violated the law.

*Id.* at 2. The Notice states that Defendant "maintains that it did not violate the law, that it is not the employer of the Drivers, and that Drivers were compensated as required under the FLSA." *Id.* It states the options for those who receive the Notice and some of the consequences of those options, including the possibility that if the person asks to be included, then that person could be responsible for Defendant's costs. *Id.* at 3. On May 27, 2020, Defendant filed its response to the Motion (the "Response"). Doc. No. 57.

## II.  MOTION FOR CONDITIONAL CLASS CERTIFICATION.

Plaintiff seeks relief under 29 U.S.C. § 216(b) of the FLSA and asks the Court to conditionally certify the aforementioned class. Doc. No. 42 at 1, 25. Plaintiff asks that the Court authorize his counsel to send the Notice to putative class members via first-class mail, email, and

3

text. *Id.* at 21-22. Plaintiff asks that the Court order Defendant to provide him with information regarding the putative class members. *Id.* at 25-26. Plaintiff requests that the class members be permitted to sign their consent forms electronically. *Id.* at 23-24. Finally, he asks that the putative class members be provided with sixty days from the date the notices are initially mailed to file a consent to become an opt-in plaintiff in the form Plaintiff attached to the Motion. *Id.* at 22-23.

### A. Legal Standard

There is a two-step procedure for whether a FLSA collective action should be certified: 1) the notice stage; and 2) the decertification stage. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008). The Motion falls under the notice stage. The notice stage is when "a district court determines whether other similarly situated employees should be notified." *Id.*

At the notice stage, "[a] plaintiff has the burden of showing a 'reasonable basis' for his claim that there are other similarly situated employees." *Id.* (quoting *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 952 (11th Cir. 2007)). The standard for determining similarity at the notice stage is fairly lenient, not particularly stringent, and not heavy. *Id.* at 1261.

In addition to determining whether there are similarly situated employees to the plaintiff, the court must also "satisfy itself that there are other employees of the []employer who desire to 'opt-in' . . . ." *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567–68 (11th Cir. 1991).

### B. Other Employees Desiring to Opt In

Plaintiff has the burden to provide a reasonable basis supporting his position that other aggrieved individuals exist in the broad putative class. *Hart v. JPMorgan Chase Bank, N.A.*, No.

4

8:12-CV-00470-T-27, 2012 WL 6196035, at *4 (M.D. Fla. Dec. 12, 2012). Plaintiff asks the Court to conditionally certify "a class of current and former Waste Disposal Drivers, who were/are employed by Defendant, Waste Pro USA, Inc., in every state except for Florida, South Carolina and North Carolina, and who were/are paid on a job/day rate basis, within the last three (3) years prior to the filing of this Motion . . . ." Doc. No. 42 at 25.

Since the Complaint was filed, twenty-three people filed consents to join this litigation (collectively, "Opt-In Plaintiffs"). Doc. Nos. 22-1, 23-1, 24-1, 27-1, 28-1, 30-1, 31-1, 33-1, 34-1, 36-1, 60-1, 64-1, 65-1. Of those twenty-three, Plaintiff submits the declarations of seven Opt-In Plaintiffs (the "Declarants").[2] Doc. No. 42-8 at 5-27. The Declarants and Plaintiff state that they worked as Waste Disposal Drivers at Defendant's facilities in the following locations: Brookhaven, Mississippi; Memphis, Tennessee; Southaven, Mississippi; Birmingham, Alabama; Atlanta, Georgia; and Geismar, Louisiana. *Id.* at 2, 5, 8, 11, 14, 17, 21, 24, 28. Plaintiff and the Declarants also state that they believe their coworkers would be interested to find out that they might recover unpaid overtime and would want to opt in to this action. *Id.* at 4, 10, 13, 16, 19, 23, 26, 30. Plaintiff therefore provides a reasonable basis supporting his position that other aggrieved individuals exist in the broad putative class, and it is recommended that the Court find that Plaintiff sufficiently demonstrates the requirement for issuance of notice that there are other people that are or were Waste Disposal Drivers that may wish to opt in to the FLSA action.

---

[2] The Opt-In Plaintiffs submitting declarations are Martigus Cathey, Alex Fitzgerald, Christopher B. Jones, Ernest Lee, Nicholas McDowell, Renita Williams, Laymond Smith, and Redric Smith. Doc. No. 42-8 at 5-30. On July 31, 2020, the consent of Redric Smith to being an opt-in plaintiff was withdrawn, Doc. No. 85, and his Declaration was not used to analyze the Motion.

### C. Similarly Situated

Plaintiff must be "'similarly situated' with respect to [his] job requirements and with regard to [his] pay provisions . . . ." *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d at 1567–68. Plaintiff has the burden of demonstrating similarity. *Kelley v. Taxprep1, Inc.*, No. 5:13-CV-451-OC-22PRL, 2014 WL 10248251, at *2 (M.D. Fla. Apr. 2, 2014). Similar does not equal identical. *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001). Job duties, pay provisions, and whether the employees were subjected to a common policy that is the basis for the alleged FLSA violation are factors to be considered in determining whether Plaintiff is similarly situated to the proposed class. *Allen v. Hartford Fire Ins. Co.*, No. 6:16-CV-1603-ORL-37KRS, 2017 WL 3701139, at *7 (M.D. Fla. Aug. 25, 2017).

Regarding similar pay provisions, Defendant makes a statement in the Response, without providing any supporting citations, that "pay structure varies in a manner that goes to the claimed FLSA violations." Doc. No. 57 at 13. The proposed class, however, encompasses only Waste Disposal Drivers paid on a job/day rate basis. Doc. No. 42 at 1. Because Plaintiff declares that he was paid on a day rate basis, he is similarly situated to the proposed class regarding pay provisions.

At the center of this litigation are the allegations that Waste Disposal Drivers were not paid time and a half for overtime because they were paid an improperly calculated day rate. Doc. No. 1 at ¶¶ 31-33. Plaintiff and the Declarants also allege that Defendant deducted thirty minutes for lunch, even when they did not take a lunch break, and that the Waste Disposal Drivers were required to perform work before and after their shifts for which they were not compensated. *Id.* at ¶¶ 33-34.

Plaintiff and the Declarants swear to these allegations in the Declarations. Doc. No. 42-8. They swear that they were all paid a day rate, but when they worked less than eight hours, they were not paid the full day rate. *Id.* at 2-30. They state that their supervisors were aware of and often directed them to perform off-duty, overtime work. *Id.* They also state that when they were required to assist other drivers, they were supposed to receive "Helper Pay" of a flat rate, but there were times when they did not. *Id.* Plaintiff and the Declarants state that Defendant's pay policies were confusing, and when they asked management about them, they were not given detailed information. *Id.* They state that, although they were sometimes paid for working overtime, they were not paid time and a half for working overtime. *Id.* Plaintiff and the Declarants state that their co-workers were subjected to these same policies. *Id.*

Defendant argues that Plaintiff fails to meet his burden because he and the Declarants present only conclusory assertions and no details. Doc. No. 57 at 16. Defendant states that Plaintiff and the Declarants do not point to the same decision-maker creating these policies. *Id.* Defendant also states that the only specific fact provided establishes that Plaintiff is different from the Declarants, in that Plaintiff alleges that if he worked less than four hours, then he would not receive the day rate, but the Declarants allege a cut-off time of six hours. *Id.* at 17. Defendant contends that there is no similarity in the extent of the violations because Plaintiff and the Declarants do not provide details regarding their work before and after their shifts, such as when and how often it occurred. *Id.* at 17-18.

In the South Carolina cases, the plaintiffs submitted four declarations containing the same assertions made by Plaintiff and the Declarants in this case. *Hansen v. Waste Pro of S.C., Inc.*, No. 2:17-CV-02654-DCN, 2020 WL 1892243, at *5 (D.S.C. Apr. 16, 2020); *Privette v. Waste*

*Pro of N. Carolina, Inc.*, No. 2:19-CV-3221-DCN, 2020 WL 1892167, at *5 (D.S.C. Apr. 16, 2020). The court found that the plaintiffs adequately established similarity in regard to pay provisions at the conditional certification stage by showing "that they were the victims of a common unlawful scheme or policy during their employment at Waste Pro SC." *Hansen*, No. 2:17-CV-02654-DCN, 2020 WL 1892243, at *5; *Privette*, No. 2:19-CV-3221-DCN, 2020 WL 1892167, at *5. Plaintiff in this case also meets the "fairly lenient" standard at the conditional certification stage of showing that he was subjected to similar pay provisions of common policies that violate the FLSA, i.e., failure to pay the full day rate if he did not work for eight hours, deducting a meal period even when none was taken, not receiving Helper Pay when promised, not being paid for pre- and post-shift work, and not being paid time and a half for working overtime.

Regarding job duties, Plaintiff and the Declarants assert that their daily duties included collection, transportation, and disposal of waste. Doc. No. 42-8 at 2-30. Defendant argues that Plaintiff was a residential driver and the Declarants drive different types of trucks than Plaintiff drove. Doc. No. 57 at 12-13. Defendant argues that the different types of trucks matter because the job duties are different, as are the pay structures that go to the claimed FLSA violations. *Id.* at 13. Defendant relies on declarations of its officers and managers, who state that drivers of certain types of trucks can never get Helper Pay because the trucks they drive cannot do the jobs of the other trucks. *Id.* Defendant also argues that the geographical locations weigh against certification because there are six states and at least twenty separate facilities. *Id.* at 13-14. Defendant asks the Court to disregard the declaration of Renita Williams because Defendant

contends that her claims are time barred,[3] and therefore there are only Declarants representing four of the twenty facilities, no evidence from Arkansas or Louisiana, "and the only Declaration from Alabama relates to a facility that is no longer operating." *Id.* at 15 (footnote omitted). Finally, Defendant argues that conditional certification should not be granted because the time periods of some will require a showing of willfulness for FLSA liability, while others will not. *Id.* at 15-16.

Plaintiff and the Declarants state that their daily duties included collection, transportation, and disposal of waste. Doc. No. 42-8 at 2-30. Although Defendant's declarations describe the different types of trucks driven, none of them dispute that the Waste Disposal Drivers collect, transport, and dispose of waste. Doc. Nos. 51-1 through 56-1. As stated above, similar does not equal identical. *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001). The Regional Vice President of Waste Pro Mississippi, Inc., states that the type of truck determines how drivers are classified and the method of compensation, Doc. No. 54-1 at ¶ 6, but he does not elaborate on how the methods of compensation differ. Also alleviating this concern is the class definition, which excludes any driver that was not paid a task/day rate from the class.

Because the merits are not addressed at the conditional certification stage, Defendant's declarations that contradict Plaintiff's and the Declarant's claims are unavailing. In *Thomas v. Waste Pro USA, Inc.*, 360 F. Supp. 3d 1313, 1315 (M.D. Fla. 2019), the plaintiff sought conditional certification of "Helpers" in an action for violations of the FLSA against Defendant here and Waste Pro of Florida. Defendant submitted declarations challenging the opt-in plaintiff's claims regarding not being paid a full day rate when they worked less than eight hours.

---

[3] Williams asserts in her declaration that she was a Waste Disposal Driver in Geismar, Louisiana from March 2017 until January 2018. Doc. No. 42-8 at 21. The Divisional Vice President for Waste Pro of Louisiana, Inc., asserts that Williams worked from April 26, 2016 until January 31, 2017. Doc. No. 55-1 at ¶ 5.

*Id.* at 1325-26. The Court stated, "These factual issues showing variations are not dispositive at the stage for conditional certification." *Id.* at 1326. Instead, they "are more properly addressed at a later stage of the proceedings." *Id.* The Court found that the plaintiff demonstrated "that there are other similarly situated employees who desire to opt in to this action" and granted conditional certification. *Id.* The Court later addressed those factual differences at the decertification stage and decertified the class on July 6, 2020. Doc. No. 63.

It is recommended that the Court follow *Thomas*. "The arguments regarding whether . . . individual issues predominate are properly addressed under the more stringent stage-two analysis." *Allen v. Hartford Fire Ins. Co.*, No. 6:16-CV-1603-ORL-37KRS, 2017 WL 3701139, at *8 (finding that plaintiffs met the similarly situated requirement for conditional certification, even though defendant asserted the administrative exemption). At the conditional certification stage, the merits of the parties' claims are not weighed; instead, the plaintiff's burden focuses on their allegations of similarity, not refuting the defendant's arguments and defenses. *Id.* at *7. In *Allen*, the Court rejected the defendant's arguments against conditional certification because "they concern defenses that appear to be individual to each Plaintiff." *Id.* at *8. Defendant's arguments are better addressed at the decertification stage and concern defenses individual to each plaintiff.

Plaintiff sufficiently demonstrates at the "fairly lenient" conditional certification stage that he is similarly situated to Waste Disposal Drivers in terms of job duties, pay provisions, and a common policy allegedly violating the FLSA's overtime provisions. Plaintiff also demonstrates that conditional certification of all Waste Disposal Drivers, regardless of location, is appropriate. Even ignoring the Declarations from the Declarants that worked in Alabama and Louisiana, as

Defendant argues the Court should do, Doc. No. 57 at 15, Plaintiff and the Declarants represent twenty percent of the facilities and three out of the nine states that Defendant operates in. Defendant's subsidiaries and Defendant itself are facing the same allegations regarding FLSA violations relating to overtime pay for Waste Disposal Drives in three additional states—South Carolina, North Carolina, and Florida. *Wright v. Waste Pro USA, Inc., and Waste Pro of Fla., Inc.*, Case No. 2019-cv-62051-KMM; *Hansen v. Waste Pro of S.C., Inc.*, No. 2:17-CV-02654-DCN, 2020 WL 1892243 (D.S.C. Apr. 16, 2020); *Privette v. Waste Pro of N. Carolina, Inc.*, No. 2:19-CV-3221-DCN, 2020 WL 1892167 (D.S.C. Apr. 16, 2020). Most importantly, Plaintiff and the Declarants aver to a common policy throughout Defendant of not paying them a daily rate when they worked less than eight hours, having time deducted for meal breaks not taken, and requiring pre- and post-shift work, thus meeting the "fairly lenient" standard that a class encompassing all Waste Disposal Drivers, regardless of location, should be conditionally certified. *See Belloso v. Asplundh Tree Expert, Co.*, No. 6:17-CV-2020-ORL-40GJK, 2018 WL 4760671, at *3 (M.D. Fla. Aug. 24, 2018) (finding certification of all facilities in Florida appropriate where the plaintiff alleged a common policy throughout Florida of not paying proper overtime and declarations stated that opt-in plaintiffs were instructed not to record hours worked by different managers and supervisors). Accordingly, it is recommended that the Court grant Plaintiff's request that the proposed class be conditionally certified as to Defendant's Waste Disposal Drivers that are or were paid a day rate.

Defendant argues that conditional certification should not be granted because Plaintiff has not shown that it jointly employed the proposed class members. Doc. No. 57 at 18. As Defendant itself admits, "Consideration of the elements needed to establish joint employment

generally occur at the second stage of certification." *Id.* Even if a basic showing is needed, as Defendant argues, such showing was made at the pleading stage, as outlined in the Report and Recommendation recommending that Defendant's motion to dismiss based on a failure to show that it is a joint employer be denied. Doc. No. 39 at 6-9. *See Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007) (at the conditional certification stage, "the district court's decision to certify a class is based primarily on pleadings and affidavits."). Defendant did not object to the Report and Recommendation, and instead filed an answer and affirmative defenses. Doc. No. 44. It is therefore recommended that the Court reject this argument as a basis to deny the Motion.

### D.     Notice

Plaintiff represents that the Notice and the consent form that he proposes are "consistent with those orders and the form of notice agreed to subsequently by the same counsel as here" in the South Carolina cases. Doc. No. 42 at 21 n.10. Defendant states that this "is misleading as many aspects of those proposed notices were opposed as well." Doc. No. 57 at 19 n.12. Defendant asserts four objections to the Notice, although not to the proposed consent form. *Id.* at 18-20.

First, Defendant objects to Plaintiff's request to send the Notice via text. *Id.* at 18-19. As Plaintiff does not demonstrate a need to transmit the notice via text message in addition to notice via first class mail and email, it is recommended that the request to send the notice via text be denied. *See Brashier v. Quincy Prop., LLC*, No. 3:17-CV-3022, 2018 WL 1934069, at \*6 (C.D. Ill. Apr. 24, 2018) (transitory nature of work force and poor records of physical addresses made notice by text message appropriate).

Second, Defendant objects to being required to produce telephone numbers of the proposed collective members if notice will not be sent via text. Doc. No. 57 at 19. Plaintiff does not put forth a reason for needing telephone numbers in addition to names, addresses, and email addresses, and thus it is recommended that Defendant not be required to produce them in connection with the notice to the putative class.[4]

Third, Defendant objects to Plaintiff's suggested look-back period of three years preceding the date Plaintiff filed the Motion. *Id.* Plaintiff states that "notice should go to all individuals who were employed by Defendant during the three-year period preceding the Court's ruling on the instant Motion." Doc. No. 42 at 23. The three-year period begins on the date the Notice is mailed. *Belloso v. Asplundh Tree Expert, Co.*, No. 6:17-CV-2020-ORL-40GJK, 2018 WL 4760671, at *5 (M.D. Fla. Aug. 24, 2018); *Abdul-Rasheed v. KableLink Commc'ns, LLC*, No. 8:13-CV-879-T-24, 2013 WL 5954785, at *3 (M.D. Fla. Nov. 7, 2013); *Rosales v. El Michoacana LLC*, No. 2:15-CV-711-FTM-38CM, 2016 WL 7093432, at *4 (M.D. Fla. Oct. 20, 2016), *report and recommendation adopted*, No. 2:15-CV-711-FTM-38CM, 2016 WL 7034403 (M.D. Fla. Dec. 2, 2016). It is recommended that the date the Notice is mailed be the date on which the three-year period begins.[5]

Fourth, Defendant objects to the requested sixty-day notice period and argues that forty-five days is appropriate. Doc. No. 57 at 19. Defendant provides no reason why forty-five days

---

[4] This should not be construed as a ruling on whether the telephone numbers are discoverable.
[5] Plaintiff asserts in his declaration that he worked for Defendant until March 2017. Doc. No. 42-8 at 2. As the Notice has not yet been mailed, Plaintiff would appear to fall outside of the class he proposes. The parties did not fully brief this issue, with Defendant arguing only that "it is not a given that [Plaintiff's] claimed FLSA violations occurred during the temporal frame of the employment of the proposed collective members." Doc. No. 57 at 15. This argument is insufficient to preclude granting conditional certification, especially when juxtaposed with the Declarants' assertions of Defendant's FLSA violations similar to those claimed by Plaintiff. Doc. No. 42-8 at 5-30. Also, several of the Opt-In Plaintiffs do fall within the time period of the class definition. No. 42-8 at 5, 8, 11, 14, 17, 24.

13

should be allotted instead of the fifteen more days that Plaintiff requests, and thus it is recommended that this objection be overruled.

Finally, Defendant requests that a neutral third-party administrator be used at Plaintiff's expense. *Id.* at 19-20. Requests for affirmative relief should not be presented in response to a motion. *See* Local Rule 3.01(f) (applications to the Court requesting relief in any form shall be in writing and in accordance with Rule 3.01). It is therefore recommended that the Court deny this request without prejudice to Defendant presenting it in a motion that complies with Local Rule 3.01.

Plaintiff asks that class members be permitted to electronically sign the consent forms. Doc. No. 42 at 23-24. Plaintiff is directed to The Middle District of Florida's Administrative Procedures for Electronic Filing govern electronic filings made through the Case Management/Electronic Case Files ("CM/ECF") system. United States District Court Middle District of Florida: Administrative Procedures for Electronic Filing, Pg. 1, available at: http://www.flmd.uscourts.gov/CMECF/default.htm. If electronically signed consent forms are filed with the Court, then they must comply with CM/ECF Administrative Rule IV.F.3, which permits three methods for filing electronic signatures of non-attorneys.[6] *Id.* at 13.

### III.   CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 42) be **GRANTED IN PART AND DENIED IN PART** as follows:

---

[6] Those methods are if the attorney files the electronic version of the document bearing "/s/ (first and last name)" with a statement that the original has been signed or with a scanned copy of the signature page as an attachment. CM/ECF Administrative Rule IV.F.3. Also, "[i]f a document containing original signatures is not digitally available, it may be scanned and filed electronically." *Id.*

1. That the Court conditionally certify the following class and the Notice define the class as the following: All current and former Waste Disposal Drivers, who were/are employed by Defendant, Waste Pro USA, Inc., in every state except for Florida, South Carolina and North Carolina, and who were/are paid on a job/day rate basis, during the preceding three years;

2. That Defendant be directed to provide Plaintiff with the names, last known addresses, and email addresses for everyone in the class within fourteen days of the Court's order on the Motion;

3. That the Notice shall be in the form set forth in Doc. No. 42-3 (as modified as described in paragraph 1 above) and the consent to join shall be in the form set forth in Doc. No. 42-4, and both shall be sent via first-class mail and email; and

4. That in all other respects, the Motion be **DENIED**.

### NOTICE TO PARTIES

The parties have fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on September 2, 2020.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record
Unrepresented Parties