UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DODD BLANDON,

    Plaintiff,

v.                                              Case No. 6:19-cv-2420-WWB-GJK

WASTE PRO USA, INC.,

    Defendant.
                                       /

## **ORDER**

THIS CAUSE is before the Court on Defendant's Motion for Summary Judgment (Doc. 166) and Plaintiff's Motion for Partial Summary Judgment (Doc. 172). United States Magistrate Judge Gregory J. Kelly issued a Report and Recommendation ("**R&R**," Doc. 195), in which he recommends that Defendant's Motion for Summary Judgment be granted in part and that Plaintiff's Motion for Partial Summary Judgment be denied. Plaintiff filed an Objection (Doc. 201), to which Defendant filed a Response (Doc. 205).[1]

### I.    BACKGROUND

No party has objected to the relevant background as fully set forth in the R&R and it is hereby adopted and made a part of this Order accordingly. (Doc. 195 at 2–4).

### II.    LEGAL STANDARD

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made."

---

[1] The parties' filings fail to comply with this Court's January 13, 2021 Standing Order. In the interests of justice, the Court will consider the Objection and Response, but the parties are cautioned that future failures to comply with all applicable rules and orders of this Court may result in the striking or denial of filings without notice or leave to refile.

28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as de novo review is "essential to the constitutionality of [§] 636." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). The objecting party must state with particularity findings with which it disagrees, along with its basis for the disagreement. *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). The court will not consider "[f]rivolous, conclusive, or general objections." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).

### III.  DISCUSSION

In the R&R, Magistrate Judge Kelly recommends that Defendant's Motion for Summary Judgment be granted in part and that the Court find that Defendant's practice of paying bonuses does not result in a violation of the Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. § 201 *et seq.*, and Opt-In Plaintiffs Easter Irvin and Dennis Williams's claims are time-barred. In all other respects, the R&R recommends denying Defendant's Motion for Summary Judgment. No party has objected to these findings of fact or conclusions of law. Therefore, after an independent de novo review of the record, the Court agrees entirely with the analysis set forth in the R&R regarding those issues.

Magistrate Judge Kelly also recommends denying Plaintiff's Motion for Partial Summary Judgment. Plaintiff objects only insofar as Magistrate Judge Kelly recommends finding that a determination regarding the discretionary nature of the bonuses is premature. In all other respects, after an independent de novo review of the record, the

Court agrees entirely with the remaining unobjected to analysis set forth in the R&R regarding Plaintiff's Motion for Partial Summary Judgment.

As relevant to his Objection, Plaintiff argues that Defendant violated the FLSA by failing to include certain annual and multi-year bonuses, which Plaintiff contends were not discretionary, in the calculation of overtime pay. In his Motion for Partial Summary Judgment, Plaintiff argues that there are no genuine issues of material fact regarding the nature of the bonuses, and therefore, he is entitled to a judgment that the bonuses were not discretionary within the meaning of the FLSA. (Doc. 172 at 10–17). In the R&R, Magistrate Judge Kelly found that because Plaintiff failed to provide any evidence that either he or any Opt-In Plaintiff received a bonus that resulted in an improper calculation of overtime pay, Plaintiff failed to show that the nature of such bonuses was at issue in this litigation sufficient to merit summary judgment. (Doc. 195 at 12–13).

In his Objection, Plaintiff concedes that he has offered no evidence identifying any party to this litigation that received one of the subject bonuses, but he nevertheless argues that Magistrate Judge Kelly's failure to consider the merits of his argument was error because the question is material to the determination of whether Defendant miscalculated any party's pay. (Doc. 201 at 7). Plaintiff's objection misses the mark. Even assuming Plaintiff had presented sufficient evidence from which the Court could determine, as a matter of law, the nature of the bonuses, this Court is not in the business of issuing advisory opinions on the off chance that they may become relevant at some point in the future. *See Gagliardi v. TJCV Land Tr.*, 889 F.3d 728, 733 (11th Cir. 2018) ("We are not in the business of issuing advisory opinions that do not affect the rights of litigants in the case before us or that merely opine on what the law would be upon a hypothetical state

of facts." (quotation omitted)); *Sirpal v. Univ. of Mia.*, 509 F. App'x 924, 932 (11th Cir. 2013). If there is no party to this litigation that received such a bonus and any resulting miscalculation of pay, then any ruling issued by the Court at this juncture would be advisory. Plaintiff's assurance that he can "present evidence at the time of trial," (Doc. 201 at 3), illustrates that Plaintiff, the moving party, failed to demonstrate that he had established that a ruling on the issue is material to a fact that will actually be at issue in this litigation and is ripe for resolution on summary judgment. Plaintiff's Objection is overruled.

## IV.   CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objection (Doc. 201) is **OVERRULED**.
2. The Report and Recommendation (Doc. 195) is **ADOPTED** and **CONFIRMED** and made a part of this Order.
3. Defendant's Motion for Summary Judgment (Doc. 166) is **GRANTED in part** as set forth in the R&R and this Order and **DENIED** in all other respects.
4. Plaintiff's Motion for Partial Summary Judgment (Doc. 172) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on February 4, 2022.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

*Copies furnished to:*

Counsel of Record