# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DODD BLANDON,

      Plaintiff,

v.                                        Case No. 6:19-cv-2420-WWB-GJK

WASTE PRO USA, INC.,

      Defendant.

_____/

## ORDER

THIS CAUSE is before the Court on Defendant's Motion to Decertify Collective Action (Doc. 170). United States Magistrate Judge Gregory J. Kelly issued a Report and Recommendation ("**R&R**," Doc. 197), in which he recommends that Defendant's Motion be granted and this case be decertified. Plaintiff filed an Objection (Doc. 202), to which Defendant filed a Response (Doc. 204).[1]

## I.   BACKGROUND

No party has objected to the relevant background as fully set forth in the R&R and it is hereby adopted and made a part of this Order accordingly. (Doc. 197 at 2–5).

## II.   LEGAL STANDARD

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part,

---

[1] The parties' filings fail to comply with this Court's January 13, 2021 Standing Order. In the interests of justice, the Court will consider the Objection and Response, but the parties are cautioned that future failures to comply with all applicable rules and orders of this Court may result in the striking or denial of filings without notice or leave to refile.

the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as de novo review is "essential to the constitutionality of [§] 636." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). The objecting party must state with particularity findings with which it disagrees, along with its basis for the disagreement. *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). The court will not consider "[f]rivolous, conclusive, or general objections." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).

## III.   DISCUSSION

In the R&R, Magistrate Judge Kelly recommends decertifying this collective action in its entirety and dismissing the Opt-In Plaintiff's claims without prejudice. Although Plaintiff concedes that a portion of the claims should be decertified, he argues that the class can be broken into subclasses that survive decertification. Specifically, Plaintiff has yet again pivoted and now proposes the use of at least two subclasses, not included the subclass he seeks to dismiss, for drivers: (1) those claiming that they were paid a day rate that was improperly tied to the number of hours worked and (2) those claiming Defendant failed to properly calculate overtime pay because it did not include certain bonuses in its calculation.[2] (Doc. 202 at 2; *see also* Doc. 178 at 1–3 (identifying at least six subclasses and conceding that one is subject to decertification); Doc. 197 at 6–7).

---

[2] Although Plaintiff does not specify if the second category would be further divided into additional subclasses in his Objection, the Court notes this category does not vary from the proposed category in his Response in Opposition (Doc. 178), which he argued could or should be further divided. (*Id.* at 3 n.2).

Even under Plaintiff's most current iteration of the proper subclasses—which are, at least, significantly more limited—, this Court finds that decertification of the entire action is proper.

At the decertification stage, the court must determine, based on the information available after discovery, if the claimants in the conditionally certified class are sufficiently "similarly situated" to proceed to trial. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001). "If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice." *Id.* (quotation omitted). In determining if the opt-in plaintiffs are similarly situated, courts consider the following factors: "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendants that appear to be individual to each plaintiff; and (3) fairness and procedural considerations." *Roberson v. Rest. Delivery Devs., LLC*, 320 F. Supp. 3d 1309, 1315 (M.D. Fla. 2018) (quoting *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261 (11th Cir. 2008)). The plaintiff bears the burden of establishing that collective treatment is proper. *See Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007).

As an initial matter, to the extent that Plaintiff appears to argue that the R&R recommends decertification because he used subclasses, Plaintiff's reading of the R&R is simply incorrect. Rather, the R&R states that Plaintiff's use of numerous, shifting subclasses in an attempt to save this collective action is strong evidence that the first factor is not met in this case and that the maintenance of a collective action would be unduly burdensome. This Court agrees.

As noted in the R&R, the Opt-In Plaintiffs in this action have different compensation methods depending on the specific job performed, the location at which they worked, their dates of employment, and which of the forty-nine decisionmakers was setting the policies applicable to them. (Doc. 197 at 10–11). In his objection, Plaintiff attempts to merely waive these differences away as not legally material in this case because there are common questions of law that would apply regarding Defendant's compliance with the Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. § 201 *et seq.* Plaintiff's argument, however, misses the mark. This Court is satisfied that legal questions regarding certain practices are common to many, if not most, of the Opt-In Plaintiffs, but this does not predominate over the number of factual differences that would impact the resolution of this case on the merits. For example, even if each Opt-In Plaintiff was, at some point, subject to a day rate, this only means that they, at best, share a common question regarding if that day rate was tied to the number of hours worked. However, Plaintiff fails to direct this Court to any evidence in support of its contention that establishing that the day rate was tied to the number of hours worked is subject to "common proof" and based on corporate—as opposed to local—policy, and certainly has not presented sufficient proof to rule out differences in treatment by the myriad of local supervisors that Plaintiff does not dispute had authority to set compensation policies for their drivers. Moreover, even if Plaintiff is not seeking to include claims for times when Opt-In Plaintiffs were paid hourly, Plaintiff fails to address how such timeframes can or should be determined and removed from any consideration.

Plaintiff also objects to Magistrate Judge Kelly's recommendation that this Court decline to consider the second proposed subclass because Plaintiff has failed to show

that any party to this case actually received a bonus. As this Court has already explained, however, Plaintiff has in fact failed to present this Court with any evidence that a single party received either bonus and therefore, any decision regarding the merits of such a claim would be advisory. *See Gagliardi v. TJCV Land Tr.*, 889 F.3d 728, 733 (11th Cir. 2018). Furthermore, even assuming the claim applies to any party to this action, Plaintiff still faces several problems. First, it is undisputed that Plaintiff, the only named employee in this action, did not receive either form of bonus and, therefore, is not a member of the proposed subclass or similarly situated to any individual that might be a member thereof. Second, Plaintiff has still not shown that individual determinations would not predominate over the common issues in the class. Specifically, Plaintiff argues, without citation, that such bonuses were available and paid based on a corporate policy. However, Plaintiff has not directed this Court to any such policy in his Objection and does not state if this applied to one or both types of bonuses included in the proposed subclass. Plaintiff also fails to acknowledge that the subclass contains two different bonuses that were available based on differing criteria. Thus, a jury could find that one bonus is discretionary and the other is not, which would lead to an additional layer of fact finding regarding what Plaintiffs received what bonuses. Finally, even if the question of whether such bonuses were discretionary can be resolved by common evidence and it is proper to consider both bonuses in a single subclass, the finder of fact is still tasked with determining for each Opt-In Plaintiff if he or she received one or more bonus payments, when such payments were received, and whether, at that time, the individual was paid on a day rate or an hourly rate. Thus, Plaintiff still fails to carry his burden in showing that disparate factual and employment issues do not preclude collective treatment in this case.

The R&R also devotes significant time to the second factor and finds that the applicability of the Motor Carrier Act Exemption and whether individual Plaintiffs worked overtime favors decertification. (Doc. 197 at 13–16). Plaintiff has failed to raise a proper objection to these findings. *See Julien v. Battle*, No. 1:17-cv-4045, 2021 WL 3076415, at *4 (N.D. Ga. Feb. 23, 2021); *see also Nat'l Mining Ass'n v. United Steel Workers*, 985 F.3d 1309, 1327 n.16 (11th Cir. 2021) (declining to consider an argument raised "only in a footnote in a perfunctory and conclusory manner"). Thus, for the reasons set forth in the R&R, the second factor also favors decertification.

Finally, Plaintiff makes conclusory, generalized arguments that the third factor weighs in his favor. Plaintiff, however, fails to make any specific objections to any finding of fact or conclusion of law contained within the R&R and fails to provide sufficient information from which this Court could assess the merits of his argument even if it was inclined to do so. Therefore, this Court will overrule Plaintiff's objections. *See Wright v. Waste Pro USA, Inc.*, No. 0:19-cv-62051-KMM, Docket 291 (S.D. Fla. Jan. 11, 2022); *see also Thomas v. Waste Pro USA, Inc.*, No. 8:17-cv-2254-T-36CPT, Docket 393 (M.D. Fla. July 6, 2020).

## IV.  CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objection (Doc. 202) is **OVERRULED**.

2. The Report and Recommendation (Doc. 197) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

3. Defendant's Motion to Decertify Collective Action (Doc. 170) is **GRANTED** and the collective action previously permitted to conditionally proceed is **DECERTIFIED**.

4. The claims of all remaining Opt-In Plaintiffs are **DISMISSED without prejudice**.

5. Plaintiff's Unopposed Second Motion for Continuance of Pre-Trial Deadlines and Trial Date (Doc. 206) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on February 8, 2022.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record